1  BRIAN S. KABATECK, SBN 152054
    (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
    (rlk@kbklawyers.com)
3  KAREN LIAO, SBN 256072
    (kliao@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 S. Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  C. MARIO JARAMILLO, SBN 195343
    (cmj@cmjlawyers.com)
8  A PROFESSIONAL LAW CORPORATION
   225 S. Lake Avenue
9  Pasadena, California  91101
   Telephone: (626) 796-1774
10 Facsimile: (626) 628-3634

11 MARK RUSSAKOW, SBN 162472
    (mrussakow@rgt-law.com)
12 RUSSAKOW, GREENE & TAN, LLP
   800 E. Colorado Blvd., Ste. 210
13 Pasadena, California 91101
   Telephone: (626) 683-8869
14 Facsimile (626) 683-8870

15 *Attorneys for Plaintiff
   and the proposed Class*

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18

19 RUZICA MIZUTANI, on Behalf of      Case No. CV11 - 01723 VBF (JCx)
   Herself and All Others Similarly
20 Situated,
                                       CLASS ACTION COMPLAINT FOR
21          Plaintiff,                  DAMAGES BASED ON:

22          vs.                         1.  **FAILURE TO PAY WAGES**
                                            **(Labor Code §§ 510, 1194)**
23                                      2.  **FAILURE TO PAY OVERTIME**
24 CITIBANK, N.A., a National Bank;        **COMPENSATION (Labor Code**
   and DOES 1 through 10, inclusive;       **§510, IWC 4-2001)**
25                                      3.  **FAILURE TO PROVIDE MEAL**
            Defendant.                      **AND REST PERIODS (Labor**

                        CLASS ACTION COMPLAINT

Code § 226.7)
4. **FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD (Labor Code § 204)**
5. **FAILURE TO PAY ALL WAGES UPON TERMINATION (Labor Code § 203)**
6. **FAILURE TO INDEMNIFY EMPLOYEES FOR NECESSARY EXPENDITURES (Labor Code §2802)**
7. **UNFAIR COMPETITION (Bus. & Prof. Code § 17200)**

**JURY TRIAL DEMANDED**

Plaintiff RUZICA MIZUTANI ("Plaintiff"), individually, and on behalf of all other similarly situated current and former personal bankers of Defendant CITIBANK, N.A. or their parents, subsidiaries, divisions, related or successor companies ("Defendant"), and DOES 1 through 100, inclusive (collectively "Defendant"), in California, hereby alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendant, and each of them to recover, on behalf of herself and all individuals employed as personal bankers by Defendant CITIBANK, N.A., at its California-based branches for unpaid wages, unpaid overtime compensation, unpaid meal and rest period compensation, waiting time penalties, sufficient indemnification for necessary expenditures, remedies for violation of the California Business and Professions Code, and for prohibited forms of payment; interest; penalties; attorneys' fees, costs and expenses; nominal, compensatory,

2

liquidated, punitive and exemplary damages; and equitable, restitutionary and injunctive relief.  Plaintiff reserves the right to name additional Class representatives.

2.     The Class claims arise from Defendant's policy and practice of failing to pay wages, failing to pay overtime compensation, failing to provide meal and rest periods, and failing to reimburse personal bankers for out-of-pocket expenses incurred while soliciting clients.   The duties actually performed by personal bankers render them to be non-exempt employees.

3.     All of the foregoing is in violation of applicable California law.

4.     Since this case involves a company-wide policy and practices, this class action is particularly amenable to class treatment.

5.     Accordingly, Plaintiff shall seek certification of the following class, defined as follows:

> *All current and former employees of Defendant Citibank,*
> *N.A. who hold or held the position of personal banker in*
> *California at any time beginning four (4) years prior to*
> *the filing of this Complaint, through the date notice is*
> *provided to the class.*

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) and (d), by virtue of the fact that this is a civil class action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum for this statute and of the Court.  The parties to this action are citizens of different states, the acts and omissions complained of in this action took place, in whole or in part, in the State of California.

7.     The Central District of California has personal jurisdiction over Defendant because it is doing business in California, and in this district, and because many of the

3

1   acts complained of and giving rise to the claims alleged occurred in California and in this

2   district.

3       8.      Venue is proper in the United States District Court, Central District of

4   California pursuant to 28 U.S.C. § 1391(d) because a substantial portion of events and

5   omissions giving rise to Plaintiff's claims occurred in this District, and because there is

6   personal jurisdiction in this District over the named Defendant because it regularly

7   conducts business in this judicial district.

8                                    **PARTIES**

9       9.      Plaintiff RUZICA MIZUTANI is an individual over the age of eighteen and

10  at all relevant times, was a resident of the State of California. At all relevant times,

11  Plaintiff MIZUTANI was employed by Defendant CITIBANK, N.A. as a personal banker

12  at its Pasadena branch. Plaintiff was employed by Defendant in California from October

13  2007 to September 2010.

14      10.     Defendant CITIBANK, N.A. is a national bank that owns and operates

15  numerous branches all over the United States, including in the State of California.

16  Plaintiff is informed and believes, and based thereon alleges that Defendant CITIBANK,

17  N.A., at all times relevant hereto was a corporation or other business entity qualified to

18  transact and conduct business in the State of California, and did transact and conduct

19  business for the purpose of providing banking services, in the State of California,

20  including the County of Los Angeles, with its principal place of business located in New

21  York.

22      11.     Plaintiff is informed and believes and thereupon alleges that, at all times

23  herein mentioned, Defendant CITIBANK, N.A. was and is a national bank regularly

24  employing well over 800 personal bankers in the State of California.

25      12.     The true names and capacities, whether corporate, associate, individual or

    otherwise of Defendant CITIBANK, N.A. and DOES 1-10, inclusive, are unknown to

                                        4

___

                          **CLASS ACTION COMPLAINT**

Plaintiff, who therefore sues said Defendant by such fictitious names pursuant. Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged.  Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff RUZICA MIZUTANI was employed as a personal banker by Defendant CITIBANK, N.A. at its location in Pasadena, California from October 2007 to September 2010.  At all relevant times, Plaintiff was paid principally on a salary basis, regardless of the hours actually worked.  At all relevant times, Defendant misclassified its personal bankers as salaried employees who were exempt from wage and hour regulations and exempt from overtime compensation.

14.    During the Class Period, Plaintiff and members of the Class were required to work over eight (8) hours a day and/or over forty (40) hours a week, but were not compensated for such overtime work.  Plaintiff and members of the Class were specifically instructed not to record overtime hours by Defendant's management.  For this reason, Defendant did not pay Plaintiff and members of the Class minimum wages in accordance with the law.

15.    During the Class Period, Plaintiff and members of the Class were not provided their thirty (30) minute meal period and/or their ten (10) minute rest periods. Defendant knew or should have known that its employees including Plaintiff and members of the Class were not being provided with or were not being allowed to take their meal and rest periods as required by law and did not take steps to address the situation.  It is Defendant's policy and practice not to pay or otherwise compensate its personal bankers for such unprovided meal and rest periods.

5

16.     During the Class Period, Plaintiff and members of the Class were not reimbursed for out-of-pocket expenses, including meals, travel and related costs, which they were required to personally incur while soliciting new clients on behalf of Defendant CITIBANK, N.A.  As part of their job responsibilities, client solicitation was required of Plaintiff and Class members, at their own expense.

17.     Plaintiff is informed and believes and based thereon alleges that each and every act and omission alleged herein was performed by, and/or attributable to Defendant CITIBANK, N.A. and/or DOES 1-100 acting as agents and/or employees, and/or under the direction and control of Defendant, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully, maliciously, oppressively, and fraudulently.

18.     As a direct and proximate result of the unlawful actions of Defendant, Plaintiff and members of the Class have suffered and continue to suffer from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action for violations of California's Labor Code as a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200, on behalf of herself and all others similarly situated.   Plaintiff seeks to represent the following class:

> *All current and former employees of Defendant Citibank,*
> *N.A. who hold or held the position of personal banker in*
> *California at any time beginning four (4) years prior to*
> *the filing of this Complaint, through the date notice is*
> *provided to the class.*

20.     This action is appropriately suited for Class Action status because:

6

(A)    The potential Class is numerous. Plaintiff is informed and believes, and based thereon alleges, that Defendant currently employs over 800 personal bankers throughout California.  Joinder of all affected employees individually would be impractical;

(B)    This action involves common questions of law and fact to the potential Class because the action focuses on Defendant's systematic course of its practices and policies throughout the State of California, which have been applied to all affected employees and others similarly situated, in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and California Business and Professions Code (which prohibits unfair and unlawful business practices arising from such violations);

(C)    The claims of the named Plaintiff, and as yet other unnamed Class Representatives, are typical of the Class because Defendant subjected all of the affected employees to similar and/or identical violations of the California Industrial Welfare Commission Wage Orders, The California Labor Code, and the California Business and Professions Code, which prohibits unfair and unlawful business practices arising from such violations;

(D)    The named Plaintiff, and as yet other unnamed Class Representatives, is able to fairly and adequately protect the interests of all members of the Class, because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due for all of the services rendered and hours worked.

21.    A class action is the best method to fairly and efficiently adjudicate the controversy between the parties in light of the fact that:

7

---

**CLASS ACTION COMPLAINT**

(A)   Common questions of law and fact predominate over individual questions that may arise, such that there would be enormous economies to the Courts and the parties in litigating the common issues on a class-wide instead of a repetitive basis;

(B)   The size of each Class member's damage claim is too small to make individual litigation an economically viable alternative, such that few Class members have any interest in controlling the prosecution of separate actions;

(C)   A class action is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members; and

(D)   Should individual Class members be required to bring separate actions, our courts would be confronted with a multiplicity of lawsuits, thus burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results would magnify the delay and expense to all parties and the court system, this class action will not present any real management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

22.   Class certification is also proper because Defendant have acted or refused to act on grounds generally applicable to the Class, making class action certification appropriate.

23.   Common questions of law and fact predominate for all Class members over any issues that are particular to any individual member of the Class. The questions of law and fact common to the Class include, but are not limited to:

8

(A)   Whether Plaintiff and members of the Class are engaged in primarily non-exempt work;

(B)   Whether Defendant failed to pay their non-exempt employees for all hours worked;

(C)   Whether Defendant failed to pay wages for overtime hours worked as required by California law;

(D)   Whether Defendant failed to pay all wages owed every pay period as required by California law;

(E)   Whether Defendant failed to pay all wages upon terminiation as required by California law;

(F)   Whether Defendant has policies and practices that result in violation of Labor Code section 226.7 in that non-exempt employees are not provided with meal and rest periods;

(G)   Whether Defendant violated Labor Code section 2802 by not indemnifying personal bankers for necessary expenditures;

(H)   Whether practices and schemes employed by Defendant constituted a violation of the California Business & Professions Code section 17200 et seq. as a deceitful, unlawful, or unfair business practice within the meaning of the Business & Professions Code; and

(I)   Whether Plaintiff and members of the Class are entitled to unpaid wages, waiting time penalties and other relief.

///

///

///

9

**CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES
### (Labor Code §§ 510, 1194)

24.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25.     During the Class Period, Defendants have had a policy of failing to compensate wages to Plaintiff and members in violation of California wage and hour laws by requiring Plaintiff and Class members to work more than eight (8) hours per day and more than forty (40) hours per week.  Defendant did not pay Plaintiff and members of the Class wages and, as applicable, overtime wages for all hours worked.  As alleged above, Defendants willfully violated provision of Labor Code section 1194.

26.     As a result of the unlawful facts of Defendants in failing to pay all wages and overtime wages, Plaintiff and members of the Class have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

# SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION
### (Violation of California Labor Code §§ 510, 1194, 1194.2, IWC 4-2001)

27.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28.     Pursuant to California Labor Code §§ 510, 1194, 1194.2, and IWC 4-2001, it is unlawful for an employer to fail to pay employees at one and one-half (1.5) times the regular rate for all hours worked over eight (8) in a day and/or all hours worked over forty (40) in a week.

29.     During the Class Period, Defendant maintained and enforced policies and practices requiring Plaintiff and members of the Class to work in excess of eight (8) hours per day and/or over forty (40) hours per week.  Defendant compensated Plaintiff and the Class no overtime pay despite its employees working beyond eight (8) hours a day and/or beyond forty (40) hours a week or according to California law.

30.     Plaintiff and the Class are entitled to their unpaid overtime wages according to proof, interest, attorneys' fees, and costs pursuant to Labor Code § 1194, subdivision (a).

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (Labor Code § 226.7)

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

32.     Pursuant to Labor Code section 226.7 and IWC Wage Order 4-2001, Defendant was required to provide Plaintiff and members of the Class with a thirty (30) minute uninterrupted meal period for each scheduled work shift of more than five and a half hours and a ten (10) minute uninterrupted rest period for each scheduled work shift of four hours.

33.     Plaintiff and members of the Class regularly worked in excess of four hours a day without being afforded an uninterrupted ten (10) minute rest period and/or worked in excess of five and a half hours a day without being afforded an uninterrupted thirty (30) minute meal period as required by Labor Code section 226.7 and IWC Wage Order 4-2001.

34.     By its failure to provide meal and rest periods as required by California law, and failing to provide compensation for such unprovided rest periods as alleged above,

11

Defendant willfully violated Labor Code section 226.7 and IWC Wage Order No. 4-2001.

35.    As a result of the unlawful acts of Defendant in failing to provide meal and rest periods, Plaintiff and members of the Class have been deprived of and are entitled to recovery of one hour's pay for each rest period and meal period not provided as provided by Labor Code section 226.7, plus interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD

### (California Labor Code §204)

36.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

37.    Pursuant to Labor Code section 204, Plaintiff and members of the Class were/are entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

38.    During the Class Period, Defendant failed to pay Plaintiff and members of the Class all wages earned each pay period. Plaintiff is informed and believes and based thereon alleges that at all times during the Class Period, Defendant maintained a policy or practice of not paying Plaintiff and members of the Class: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; and (iii) premium wages for all missed meal and rest periods.

39.    As a result of Defendant's unlawful conduct, Plaintiff and members of the Class have suffered damages in an amount to be proven at trial, to the extent that they were not paid all wages each period.

///

///

12

CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UPON TERMINATION

### (California Labor Code §203)

40.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

41.    Pursuant to Labor Code sections 201 and 202, Plaintiff and members of the Class were entitled upon termination, to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within seventy-two (72) hours after giving notice of resignation or, if they gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

42.    During the Class Period, Defendant failed to pay Plaintiff and members of the Class all wages earned and unpaid prior to termination in accordance with Labor Code sections 201 or 202. Plaintiff is informed, believes, and thereon alleges, that at all relevant times within the Class Period applicable to this cause of action, Defendant maintained a policy and practice of not paying Plaintiff and other members of the Class upon termination: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; and (iii) all earned premium wages as a result of missed rest periods.

43.    Defendant's failure to pay Plaintiff and members of the Class all wages earned prior to termination in accordance with Labor Code sections 201 or 202 was willful.  Defendant had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code sections 201 or 202, but intentionally adopted policies and/or practices incompatible with the requirements of Labor Code sections 201 or 202.  When Defendant failed to pay upon termination all wages earned prior to

13

---

**CLASS ACTION COMPLAINT**

termination, Defendant knew what it was doing and intended to do what it did.

44.     Pursuant to Labor Code sections 201 and/or 202, Plaintiff and members of the Class are entitled to all wages earned prior to termination that Defendant did not pay them.

45.     Pursuant to Labor Code section 203, Plaintiff and members of the Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty (30) days.

46.     As a result of Defendant's conduct, Plaintiff and members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

47.     As a result of Defendant's conduct, Plaintiff and members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code § 203.

48.     Pursuant to Labor Code sections 218, 218.5, and 218.6, Plaintiff and members of the Class are entitled to recover the full amount of their unpaid wages, continuation wages under section 203, interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EMPLOYEES FOR NECESSARY EXPENDITURES
### (LABOR CODE § 2802)

49.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50.     During the Class Period, pursuant to California Labor Code section 2802, Defendant was required to indemnify Plaintiff "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

51.     As part of their responsibilities, personal bankers are required to expand existing business relationships and acquire new business. During the Class Period,

14

Defendant required its personal bankers including Plaintiff and members of the Class to solicit clients at their own expense.  Specifically, Plaintiff and members of the Class incurred expenses associated with client acquisition and retention, including the cost of meals, cell phone usage, home fax machines and home telephone usage, and travel. These are necessary expenditures incurred by Plaintiff and members of the Class in direct consequence of the discharge of their duties as personal bankers for Defendant.

52.   Accordingly, Defendant has failed to provide indemnification to Plaintiff and members of the Class, in violation of Labor Code section 2802.

53.   As a consequence of Defendant's actions, Plaintiffs and members of the Class have been injured and are entitled to reimbursement of necessary expenditures with interest, and reasonable attorneys' fees, including those provided in California Labor Code Section 2802, as well as all other available remedies.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)

54.   Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

55.   California Business & Professions Code section 17200 *et seq.*, provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

56.   Each and every practice alleged in the Causes of Action above constitute unlawful, deceptive, and/or unfair competition in violation of section 17200 of the Business and Professions Code.

57.   By violating the foregoing statutes, regulations and orders governing wage and hour issues in California, and by failing to take appropriate measures to address these violations, Defendant's acts constitute *per se* acts of unlawful, deceptive, and/or unfair business practices under California Business and Professions Code section 17200, *et seq.*

15

---

**CLASS ACTION COMPLAINT**

58.     As a direct, foreseeable, and proximate result of Defendant's acts and omissions alleged herein, Plaintiff and Class members have been deprived of substantial wages to which they are entitled by law, while the Defendant has been unjustly enriched. Accordingly, Defendant must be enjoined from further engaging in these practices as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUZICA MIZUTANI, individually and on behalf of members of the Class, prays for judgment against Defendant, and each of them, as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     For compensatory damages in an amount according to proof with interest thereon;

3.     For economic and/or special damages in an amount according to proof with interest thereon;

4.     That Defendant be ordered and enjoined to make restitution to the class due to their unfair competition, including disgorgement of their wrongfully-withheld wages, penalties and/or penalty wages pursuant to Business & Professions Code section 17200 et seq.;

5.     For an order preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

6.     For all other statutory penalties as provided by law;

7.     For punitive and exemplary damages according to proof;

8.     For attorneys' fees, interests and costs of suit; and

9.     For such other and further relief as the Court may deem just and proper.

16

---

1

2   Dated:        February 25, 2011               KABATECK BROWN KELLNER LLP

3

4                                          By:    _____

5                                                 Brian S. Kabateck
                                                  Richard L. Kellner
6                                                 Karen Liao
                                                  *Attorney for Plaintiff*
7                                                 *and the proposed Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CLASS ACTION COMPLAINT**

RICHARD L. KELLNER, SBN 171416
KAREN LIAO, SBN 256072
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, California 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUZICA MIZUTANI, on Behalf of Herself and All Others Similarly Situated <br><br> PLAINTIFF(S) <br><br> v. <br><br> CITIBANK, N.A., a National Bank; and DOES 1 through 10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11-01723 VBF(JCX) <br><br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): CITIBANK, N.A., a National Bank

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Richard L. Kellner _____, whose address is 644 South Figueroa Street, Los Angeles, CA 90017 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   FEB 2 8 2011

By: _____
JULIE PRADO

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS

RICHARD L. KELLNER, SBN 171416
KAREN LIAO, SBN 256072
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, California 90017

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUZICA MIZUTANI, on Behalf of Herself and All Others Similarly Situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>CITIBANK, N.A., a National Bank; and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-01723 VBF (JCx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): CITIBANK, N.A., a National Bank

        A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Richard L. Kellner_____, whose address is _644 South Figueroa Street, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: FEB 2 8 2011

                                              Clerk, U.S. District Court

                                              By: _____
                                                        Deputy Clerk

                                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RUZICA MIZUTANI, on Behalf of Herself and All Others Similarly Situated

**DEFENDANTS**
CITIBANK, N.A., a National Bank; and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class action for violation of California labor law; diversity jurisdiction under 28 U.S.C. § 1332.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11- 01723

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date February 2 , 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 1723 VBF (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.